LOZIER MOTOR CO. OF NEW YORK v. MacINTOSH et al.

(Supreme Court, Appellate Term.  May 19, 1904.)

1. WORK AND LABOR—FAILURE TO FIX COMPENSATION.
    Where no agreement was made as to the sum to be allowed plaintiff for
    certain work, he was entitled to only the reasonable value of the work.

Appeal from Municipal Court, Borough of Manhattan, First District.
Action by the Lozier Motor Company of New York against Neil W.
MacIntosh and another.  From a judgment for plaintiff, defendants ap-
peal.  Reversed.

Argued before FREEDMAN, P. J., and TRUAX and SCOTT, JJ.

Phillips & Avery, for appellants.
Hatch, Keener & Clute, for respondent.

SCOTT, J.  Taking the evidence in the light most favorable to the
plaintiff, it is apparent that the minds of the parties met only upon a
single point, viz., that the plaintiff should complete so much of the work
defendants had undertaken to do as the latter had found themselves
unable to complete.  There was no agreement as to the sum to be paid
or allowed plaintiff.  Defendants asked plaintiff to undertake to do
the work for $50.  This plaintiff declined to agree to.  Plaintiff offered
to do the work at whatever it should cost, but defendant did not agree
to pay at this rate.  Under these circumstances the law entitles the
plaintiff to recover the reasonable value of the work.  It could not, by
employing inexperienced men, and paying them by the hour, run up a
bill against defendants for an unreasonable sum.  From the cross-
examination of the witness Cook by plaintiff's counsel it may be inferred
that the reason for the apparently large charge for completing the work
was that the plaintiff undertook to do it with its own factory hands,
instead of employing expert steam fitters, accustomed to do work of
the kind which had to be done.  However that may be, the only evi-
dence as to the reasonable value of the work was that offered in behalf
of the defendants, and put the value at much less than the sum charged
by plaintiff.

The judgment should be reversed, and a new trial granted, with costs
to appellant to abide the event.  All concur.